IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO.1:10cv168

| | |
|---|---|
| WILL H. SENECHAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 12].

## I. PROCEDURAL HISTORY

The Plaintiff Will Senechal initiated this action on August 16, 2010, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on October 27, 2010. [Doc. 6]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of

the administrative record. [Doc. 8]. The Government in response consented to remand. [Doc. 9]. On March 9, 2011, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 10].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $2,369.55. [Doc. 10]. In response, the Government states that the parties have agreed to the amount of $2,369.55 for attorney's fees to be made payable to the Plaintiff for full settlement in satisfaction of any and all claims for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 13].

*Sua sponte*, the Court notes that Plaintiff's filing is out of time, being made more than 30 days after the March 9, 2010 final judgment in this matter. 28 U.S.C. 2412(d)(1)(B). As Defendant has not objected, the Court in its discretion will entertain the motion.

II. **ANALYSIS**

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that

"special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. The parties have agreed that the Plaintiff should be awarded a total of $2,369.55 in attorney's fees. In support of this request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and August 2007[1],

---

[1] The Court does not know the significance of the date August 2007 to this EAJA petition. The case itself was filed in 2010, and the favorable judgment, which is the trigger for EAJA fees, was entered on March 9, 2011.

respectively, as well as affidavits of counsel and billing records detailing the 14.2 hours claimed by counsel and paralegals in preparing this case. [Doc. 12 & 12.-1].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 223.47 in March 2011, the date of the Court's Judgment remanding this case[2], an increase of 43.5%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $179.41.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorney is reasonable. Based upon a reasonable hourly rate of $179.41 per hour for 14.2 attorney hours expended, the Court concludes that the Plaintiff's requested fee, as adjusted by correction of the clerical error in rate calculation, is justified.

---

[2] It is this date, rather than the August 2007 date (which the Court in its discretion interprets as having been entered through clerical error), that the EAJA permits as the end point for fees that are payable thereunder.

The Plaintiff requests that the fee award be paid directly to his attorney. [Doc. 12]. The Defendant has agreed that, should a conforming assignment be produced, he would accept an Assignment of EAJA Fees by plaintiff to plaintiff's counsel, and pay EAJA fees directly to plaintiff's counsel, if it is subsequently shown at the time of the EAJA order that the prevailing party owes no debt to the government that would be subject to offset. [Doc. 13]. To date, Plaintiff has not submitted an executed assignment in support of his request.

The Court finds that this proposal sufficiently balances the interests addressed in <u>Astrue v. Ratliff.</u> 130 S.Ct. 2521, 2010 WL 2346547 (June 14, 2010). The Court generally will not disturb consensual, compliant arrangements such as this. Accordingly, the Court concludes that if a conforming assignment is produced, the award of EAJA fees is payable in the manner reflected in Defendant's Response [Doc. 13]; otherwise, it payable directly to the Plaintiff himself.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 12] is hereby **GRANTED** and:

(1) The Plaintiff is hereby awarded $2,547.55 for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

*(2)* Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order.

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: May 16, 2011

Martin Reidinger
United States District Judge